IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

GARRY L. DENNIS                                                                                    PLAINTIFF

vs.                                          Civil No. 1:08-cv-01076

MICHAEL J. ASTRUE                                                                            DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Garry L. Dennis ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 4).[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

### 1. Background:

Plaintiff filed his applications for DIB and SSI on September 12, 2006.  (Tr. 10, 96, 101). Plaintiff alleged he was disabled due to impairments resulting from a motor vehicle accident which occurred on January 18, 2006.  (Tr. 28).  These applications were initially denied on November 6, 2006 and were denied again on reconsideration on March 28, 2007.  (Tr. 65-68).  On April 24, 2007,

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for this case are referenced by the designation "Tr."

Plaintiff requested an administrative hearing on his applications. (Tr. 84). This hearing was held on April 22, 2008 in El Dorado, Arkansas. (Tr. 19-45). Plaintiff was present and was represented by counsel, Denver Thornton, at this hearing. *See id.* Plaintiff and Vocational Expert ("VE") Tyra Watts testified at this hearing. *See id.* On the date of this hearing, Plaintiff was forty-nine (49) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2009), and had completed high school and vocational school in air conditioning and refrigeration. (Tr. 22-24).

On August 14, 2008, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 10-18). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2010. (Tr. 12, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since his alleged onset date. (Tr. 12, Finding 2). The ALJ determined Plaintiff had the following severe impairments or combination of impairments:

> [A] prior history of comminuted fracture of the right scapula and the mid-shaft of the right clavicle (status post Rockwood pin internal fixation–April 2006 due to continued pain and possible non-union), with fracture of the right second rib posteriorly, and a reported history of residual back pain, headache, and abdominal pain (secondary to a motor vehicle accident (January 2006)) (Ex. 4F); a prior history of snakebite to the right lateral calf (July 2005) (resolved) (Ex. 4F), and a history of hypertension (amenable to adequate medical control). (Exs. 6F, 7F).

(Tr. 12, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 13, Finding 4).

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 13-17, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found

his claimed limitations were not totally credible. *See id.* Second, the ALJ determined, based upon the review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift-carry and/or push-pull up to a maximum of 20 pounds occasionally and 10 pounds frequently, with the ability to stand and/or walk up to 4-6 hours in an 8-hour workday (1-2 hours in a continuous period) and the ability to sit without significant limitation. The claimant can occasionally climb, stoop, crouch, kneel and/or crawl; he should avoid overhead reaching and use the right arm only occasionally. The claimant would experience mild-moderate pain with the use of over-the-counter and/or prescription medications. In giving benefit of doubt to the claimant's allegations and/or testimony of some intermittent feelings of anxiety/depression without any objective diagnostic or medical treatment evidence related to such symptoms, the undersigned has concluded the claimant would require simple unskilled or low semi-skilled work; he would have the ability to understand, remember and follow concrete instructions in a work setting where contact with supervisors, co-workers, and/or the public is superficial (e.g., the claimant could meet-greet others, make change and/or give simple instructions or directions).

(Tr. 13, Finding 5).

The ALJ then evaluated Plaintiff's PRW. (Tr. 17, Finding 6). Plaintiff and the VE testified at the administrative hearing regarding this issue. (Tr. 19-45). Based upon this testimony, the ALJ determined Plaintiff's PRW included work as a sales representative. (Tr. 17, 23). The ALJ then determined, considering Plaintiff's RFC, Plaintiff was not precluded from performing that PRW. (Tr. 17, Finding 6). After making this finding, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from January 6, 2006 through the date of his decision. (Tr. 17, Finding 7).

On August 15, 2008, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 5). *See* 20 C.F.R. § 404.968. On September 15, 2008, the Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On September 29, 2008, Plaintiff

filed the present appeal.  (Doc. No. 1).  The parties consented to the jurisdiction of this Court on October 7, 2008.  (Doc. No. 4).  Both parties have filed appeal briefs.  (Doc. Nos. 6-7).  This case is now ready for decision.

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006);  *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and

laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In his appeal brief, Plaintiff claims the following: (1) the ALJ erred by improperly evaluating the medical evidence; (2) the ALJ erred by performing an improper *Polaski* evaluation; and (3) the ALJ erred by providing an improper hypothetical to the VE. (Doc. No. 6, Pages 4-19). In response, Defendant argues the ALJ's disability determination is supported by substantial evidence in the record. (Doc. No. 7, Pages 3-13). Specifically, Defendant argues that the ALJ properly evaluated the medical evidence, properly evaluated Plaintiff's credibility, and properly posed a hypothetical

question to the VE. (Doc. No. 7, Pages 4-13). Because this Court finds the ALJ erred in assessing Plaintiff's subjective complaints, this Court will only address Plaintiff's second claim.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not perform a *Polaski* analysis.  Instead of evaluating the *Polaski* factors and noting inconsistencies between Plaintiff's subjective complaints and the evidence in the record, the ALJ merely evaluated the medical records and noted the following:

> After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the residual functional capacity assessment for the reasons explained below.
>
> In terms of the claimant's alleged disabling pain symptoms related to headache, neck pain, shoulder pain/numbness, right hand numbness, and/or lower back pain, the undersigned has found that in giving careful consideration to the evidence as a whole, **the objective medical evidence does not fully support** the claimant's allegations regarding the nature and severity of his symptoms.

(Tr. 15) (emphasis added).

Apart from his reliance upon Plaintiff's medical records, the ALJ provided no reasons for discounting Plaintiff's subjective complaints. (Tr. 12-17).  As repeatedly admonished by the Eighth Circuit, an ALJ cannot discount a claimant's subjective complaints solely because they are inconsistent with that claimant's medical records.  *See Polaski,* 739 F.2d at 1322.  Because the ALJ failed to follow the requirements of *Polaski*, this case must be reversed and remanded for further consideration consistent with *Polaski*.

However, the ALJ is reminded that this remand is solely for the purposes of complying with

*Polaski* and further evaluating the claimant's subjective complaints. This Court is not remanding this case for an award of benefits nor should any part of this order be interpreted in that manner. On remand, the ALJ must further evaluate Plaintiff's subjective complaints, comply with *Polaski*, and then determine whether an award of benefits is appropriate. The ALJ should not award disability benefits based solely on the fact that this case has been remanded.

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 30th day of October, 2009.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE